### Case No. 7,898.
### KNOWLES v. PARROTT.
[2 Cranch, C. C. 93.] [1]

Circuit Court. District of Columbia. Dec. Term, 1813.

WITNESS—COMPETENCY OF MAKER IN SUIT BY INDORSEE AGAINST INDORSER—INTERESTED WITNESS.

In an action by the indorsee against the indorser of a promissory note, the maker is a com-

[1] [Reported by Hon. William Cranch, Chief Judge.]

petent witness to prove the contract to be usurious, unless he is interested.

[See Bank of Columbia v. French, Case No. 867.]

Assumpsit, against the indorser of Vincent King's note. The defendant pleaded usury between the maker and the payee; and offered the maker of the note as a witness to prove the usury.

F. S. Key, for plaintiff, objected. Although the books differ upon the question of competency, yet the case of Walton v. Shelley, 1 Term R. 296, is supported by the best authorities, although it was overruled by the case of Jordaine v. Lashbrooke, 7 Term R. 601. See Hart v. McIntosh, 1 Esp. 298, and Rich v. Topping, Id. 176. All the American cases coincide with Walton v. Shelley, except one case in the court of appeals in Maryland. Stille v. Lynch, 2 Dall. [2 U. S.] 194; Allen v. Holkins, 1 Day, 17; Baker v. Arnold, 1 Caines, 258, 267; Baring v. Reeder, 1 Hen. & M. 175; Coleman v. Wise, 2 Johns. 165; Warren v. Merry, 3 Mass. 27; Webb v. Danforth, 1 Day, 301. Upon principle, Walton v. Shelley is right. It would destroy the negotiability of paper, if parties were permitted to invalidate their own notes.

Mr. Jones, contra. The general rule of evidence is, that every person is a good witness, who is not disqualified by infancy, defect of understanding, or interest. The only exception in the old cases, is upon the principle of estoppel by the signature of a deed, either as principal or witness. But the doctrine, so far as it respects witnesses to a deed, has been long exploded. The maxim, "nemo, turpitudinem suam allegans, audiendus est," applies only to parties, not to witnesses. The case of Walton v. Shelley, is sui generis, an exception to the general rule. It is a new principle set up to support negotiable paper; but that the paper is void by usury, in the hands of an innocent holder, is settled law. The only question is, how shall the fact be ascertained? The policy of the law is to detect usury, which the law considers more important than the negotiability of paper. Public policy is therefore in favor of admitting the witness. In the present case, the plaintiff is a party to the usury, and therefore no principle of policy can operate in his favor.

THE COURT (THRUSTON, Circuit Judge, contra) was of opinion that the maker of the note was a competent witness, unless interested.

Mr. Key, for plaintiff, then contended that Mr. King was interested; for, if the plaintiff should recover against Parrott, and he pays the money to the plaintiff, Parrott will have a right of action against King, notwithstanding his discharge under the insolvent law, because it will be a new debt arising since his discharge; whereas if the plaintiff is defeated in the present action, Mr. King will be entirely exonerated.

THE COURT, upon that ground (nem. con.) rejected the witness.